**Marco Tulio GIRALDO, Petitioner,**

v.

**John ASHCROFT, Attorney General,* Respondent.**

No. 02–74421.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2004.**

Decided Sept. 20, 2004.

Reynold E. Finnegan, Esq., Finnegan & Diba, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, Washington, DC, for Respondents.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* John Ashcroft is the proper respondent. The clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suit-

MEMORANDUM ***

Marco Tulio Giraldo, a native and citizen of Colombia, petitions for review of the decision of the Board of Immigration Appeals summarily affirming the Immigration Judge's ("IJ") denial of his application for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir. 1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, *Malhi v. INS*, 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition for review.

Giraldo testified that members of a guerilla group shot at his sister-in-law in 1976 or 1977 and his family subsequently received general threats from guerillas. However, Giraldo continued to live in Colombia for twelve years without incident after receiving these threats, his wife currently lives in Colombia and has remained undisturbed, and Giraldo failed to present any evidence that would support a finding that anyone in Colombia has an interest in harming him today. Therefore, substantial evidence supports the IJ's conclusion that Giraldo failed to establish a fear of future persecution that was "both subjectively genuine and objectively reasonable." *See Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc).

Giraldo thereby failed to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

Giraldo's contention that the IJ adopted an inaccurate finding on Colombia's country conditions is not supported by the record. Substantial evidence supports the IJ's finding that Giraldo failed to establish that he faced some danger in Colombia that was not typical to the populace as a whole due to crime or civil strife in Colombia. *See Ochave v. INS*, 254 F.3d 859, 865 (9th Cir.2001) (asylum is not available to victims of civil strife unless they are singled out on account of a protected ground).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897, 900 (9th Cir.2004) (order), petitioner's voluntary departure period will being to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

